2018-2011, John Milovich v. Banner, wholesale grocery That's where you may proceed May it please the Court? I'm Jill Banner, here on behalf of the lawyer, Sir John Milovich. I'd like to reserve five minutes for rebuttal You will have reply time, yes We are here today asking this Court to reserve the circuit court's decision I'd like to begin by clarifying some basic facts and timeline of events of when the circuit courts were received in this case The petitioner is an order filler who was carrying a box of beer cans on September 24th, 2013 when he trips and falls over a path of 24th He testified that initially he obtained it in the right leg of his right hand and it started by a fall, but about an hour later the pain became severe and he snapped his back The total respondents, H.R. managers, can be looked at as a pathologist at the detention center where he got treated on the day of the accident At the detention center he was treated for his neck, back, his leg, and his hand He was eventually referred over to Dr. Stroup's primary care physician, treated conservatively and then referred over to Dr. Singh for a surgical consultation Dr. Singh diagnosed him with cervical lumbar stenosis recommended surgery as related to this injury and now recommending surgery to both him and Dr. Singh During the course of the treatment, there was a high-tech petitioner to an independent medical exam for Dr. J.B. Butler The petitioner testified that at this appointment, Dr. Butler told him that he had a work-related injury that he would agree with Dr. Singh's diagnosis and agree with his treatment recommendations for surgery and offers to be Collins' treater at the end of the 24th He told him that he would push forward with his pending work-off approval In the note that Dr. Butler prepared following that appointment, he noted a consistent history noted that he agreed with Dr. Singh's diagnosis and treatment recommendations and said that he would move forward with surgery pending work-off approval The petitioner was never given this report and only received a piece of PNAP in April of 2014 Counsel, let's assume just for the sake of the argument, I think I know where you're going that we disregard Dr. Butler's testimony completely You've pointed to Dr. Chirac and I believe Dr. Singh as giving opinions that were supportive of the claimant's petition Did either Dr. Chirac or Dr. Singh ever view the video account of the fall itself? They did not view the video And the commission heavily relied on their view of the video, did they not? They did So, how do you explain the basis for their opinion without looking at the video? Both doctors testified, or both doctors were asked during the deposition exactly what happened on the video Is your opinion based on your understanding of the fall, falling over, or how? Dr. Singh has said, yes, he has such severe underlying conditions that any sort of legal lending forward such as a fall forward would have been out of the question Same with Dr. Chirac Had the lower courts not considered this video, all we have left is a chain of events of an unsecured work accident followed by an inability to work and a need for further treatment Now, where the outcome of the conclusion is clearly apparent The video, the lower courts gave the video, it actually began with Petitioner and it backed up all sorts of Petitioner arguments First, it shows an accident Second, it corroborates Petitioner's testimony of how he knew the accident Petitioner said it was a violent fall, where he fell, he asked forward, he didn't pose him back but he fell forward onto his leg and his hand After this fall, his jeans were torn, his skin ripped off, he started bleeding That certainly is violent Well, the fall may have been violent, but again, the issue relates to his back because there was no evidence he ever fell backwards He told Lopez he never fell backwards He went to concert, he came back, and never mentioned again that he hit his back Petitioner disagreed with that assessment He said he told Cindy Lopez initially that it was injured to the neck and the back Regarding Cindy Lopez, she testified that she saw the note on the date of injury from Concentra where he had work restrictions On that note, he was diagnosed with cervical and lumbar sprain So her testimony that she didn't know that he hurt his neck and back is completely unreliable Well, we don't make that decision, do we? I mean, isn't it the commission that decides the credibility? We can't review, we can't agree with your position because the client says it It is your position, it is their position to look at the evidence but I'm asking you to review the circuit court's decision and re-weigh this evidence I don't think you can re-weigh anything that happened because there is no evidence against causation in this case Do we re-weigh evidence? Or do we review the evidence? We review the evidence and I think once you do, you will see that obviously the conclusion is clearly inherent There is no evidence in the record disputing causation to the petitioner's back Cindy Lopez, as I said, is firstly inherently unreliable Secondly, the video does hold to the petitioner's testimony, as I said It does, it was a violent fall, that's exactly what he testified to It may have been a violent fall, but the nature of the fall is the issue If somebody falls forward, it may have been violent, doesn't show any injury to the back That is what the commission is saying The bullet readers are the same as the road addresses They said it didn't necessarily have to be violent All I had to do was to fall forward because of his underlying condition That's all I had to do to bring him into the back See, but you have a very fundamental problem to overcome The doctors who gave the opinions for relaying and the claimant The doctors, by your own admission, never looked at the video The commission did They're in a much better position to determine the nature of the fall by looking at the video, are they not? And doctors who have never seen the video In terms of the video, at the point that we were going to trial I had seen the video and I thought it supported our position Because again, it showed the description of the accident, as the petitioner testified And the doctors had an understanding of exactly how it happened So my position, it did bolster our argument There wasn't a report at that point to the contrary Because they did not have Dr. Butler's support that I was giving at his deposition So at this point, I had all doctors, including Dr. Butler, viewing the video and saying Yes, this interrelation is causally related Which is still what we're watching today because there are no reports of harm Let me ask you this You made a reference to this chain of events theory Which is a legitimate theory for recovery if it applies However, the chain of events does not imply when you've got long-standing problems with the area in question Now, is this true? The claimants, the doctors testified, or the commission Found that the accident did not cause any structural change in the claimant's condition Because the claimant's current condition represents the natural progression of his underlying degenerative disc disease For which surgery was contemplated four years before the accident Is that true? It's not accurate No surgery was contemplated before? They're making this up? There are two separate entries here that I can give out The lower court's record, incorrectly related to There's no separate analysis to this I'm saying the commission said Is there evidence in the record I'm looking at counsel behind you To suggest that surgery was contemplated four years previously? There was one other in the record from Dr. Minnis That said it mentioned surgery as an option However, the petitioner never had that surgery And that was only for the lower back That was not for the neck He said it was a condition So he doesn't have to have the surgery Again, it's just calculated as an option But then, clearly it was necessary Because he kept treating And he was released MMI With minimal to no pain Ten months before his injury And again, it was only for the lower back There's not one piece of evidence in the record Showing that he had any treatment to his neck Before his injury was made Based on that, then Further, the lower court was also Dr. Sting, I find it well The petitioner underlines the notice It was a work injury The minor is symptomatic And again, Dr. Sherbrooke also testified That while he did treatment previously This was a new, separate injury And this new injury The minor is symptomatic Again, there was no treatment recommendations For the neck prior to this And the lower courts have no separate analysis Of the neck and neck injury Based on this, there's not one piece of evidence Here sufficient to deny causation And the opposite conclusion is clearly here Based on this Further, they never should rely on Dr. Butler's testimony at all Which is exactly what they did Dr. Butler testified at court He was allowed to testify Only to the conversations and diagnosis After his pain testimony was properly barred He was given that chance By the arbitrator Only to clarify what his condition was With the petitioner Was he a treater? Was he an IV? Or was he a hydrate? However, he uses as a way to backdoor His cognition of pain as is With the lower courts Then go ahead and deny In his testimony, Dr. Butler corroborated What the petitioner said He told me that initially He didn't think it was a work injury And I told him I would become a treater But then, on the notice Then he testified at the next event He told me how I changed my mind After viewing the surveillance video Of the accident But on the record from that day He testified he told me it wasn't related Because on the record it said Yes, it was in the floor Pending work comp approval In his billing records on that day He checked the cause of the injury Wasn't employment Dr. Butler tried to explain this away at trial And said that he routinely Sees all non-work related requests To work comp as a matter of routine Just to receive the time He again directly contradicts himself In a report against the petitioner Where he says Please proceed pending work comp insurance Everything Dr. Butler says Is inherently consistent So let me ask you a question About something I think is significant You acknowledged that Ms. Lopez testified there was no Reference to an injury To the claimant's neck or back Initially when he talked to her And now when he came back later He still didn't make any mention of it And you say she was confused Okay On the claimant's initial application For adjustment of claim Did he reference any Was there any reference at all To any injuries to the claimant's neck or back Not on the initial one But as has been noted Now is that record confused? I mean that there was no reference to it? The record is not confused Initially the application Only mentioned the hands and the knee However that was since admitted To a ruling that he was absent Or temporarily was in that position However since his first day of treatment At Concentra He has in every other single piece of medical evidence In this case Referenced his neck and his back Responding to him She had to deal with the restrictions Where he had diagnosis to his neck and his back So when the claim was filed He didn't realize he had a problem with his neck? What did he do at that time? I'm not sure But it was made a remandment So now we know Again you can't say I didn't know He's been treating for his neck and his back Since the first day of treatment At Concentra Up until present Nothing in it There was never any kind of gap  Either his extensive first day But wouldn't he Obviously know better than anybody What his condition was When the application was filed? Of course In that sense But it's likely to include both of those Now you're skirting the issue When he filed it It said nothing about the neck or the back Correct? Correct Okay Thank you But again All the records show Contemporaneously That he treated for both body parts The responding to that And other records That treat him Sporadically On his back Since the first day of injury Through currently Including Dr. Butler's support Dr. Butler That simply all he did Was attestify What he told the petitioner He told the petitioner That his current condition Of ill-being Was not causally That there was no report Or testimony Or justified As a candidate in the record He simply testified To a conversation He didn't testify To clinical exam findings Whether it would be The objective test Or any of the Treating conditions records Or if he was able To come to a conclusion Based on the degree Of medical science And his certainty He didn't lay An explanation Of sputum causation In order to drop The legal icon That's exactly Where the report Is His testimony Is the least Confident evidence In the entire record I rely on this That you are The petitioner's testimony Dr. Butler's report In his favor Dr. Singh's testimony And Dr. Shiro's testimony All with quantification Not one with evidence Of sufficient quantification And opposite conclusions Could be a guarantee In this case Based on evidence That you reverse The findings of the report Thank you Thank you counsel You have time in reply May it please the court Counsel, Ron March On behalf of the Board of Veterans Affairs As this commission Indicated As this report Indicated Even if you Exclude Dr. Butler's Testimony Regarding causation There is ample  The commission's findings First Is the video In which the commission Said it was persuasive And that the Commission's findings  It shows that he Falls forward Being listed as a Benign accident There's no bending There's no torque There's no twisting His spine is maintained In a neutral position And there's no axial Low pressure On either of the Circles Did the claimant's Doctors ever view this video? Excuse me? Did the claimant's Doctors ever view the video? No, they did not It was never requested In addition to the Video Which was relied on By the New Mexico T.V. Testimony Of Cindy Lopez Who was a human Resource When the Incident Occurred Please note That when she Testified She had Interminated From the Company A year Plus before She was Subpoenaed She testified She had No economic Interest She spoke To the Petitioner On three Specific Occasions When she Spoke to The petitioner The incident He returns To the Petitioner At approximately Four o'clock She again Speaks with him He says I'll see you Tomorrow If you're ready To come back To work She says You can't Come back To work Until you Get a Doctor's Note Indicating You can She questions Him again What about A heart Injury Again He says Only the Right shin In addition He says To her I will Get the Note Because I Already have A scheduled Appointment With Bone And Joint Institute We've been Treating Since 2008 The appointment Was made Right through The injury Something Obviously Not noted By counsel In addition To that She again Speaks to him The following day The 25th And again Asks him What body Parts are Hurting Etc Again The only spot That can be Mentioned Is to the Right shin Knee Area To support Her testimony Of the cooperation With the 445 Which she Filled out And said The only Body Parts That can  Is the         Filled out And said  Body Parts That can Be mentioned Is the Right shin Knee Area To support Her testimony Of the 445 Which she Filled out And as Pointed out By this Court When an Individual Goes to An emergency Room And is Examined And they Come up With Findings And the Issues Are always Causally Related If you Look at The consensual Note That counsel Has Referenced As supporting Her    Testimony How can You take The testimony Of a Treated Physician Who has An accurate History We go to Dr. Singh Dr. Singh Testifies To causal Issues Based on The petitioner Advising him That immediately After the Incident He was Experiencing Problems With the Leg And He Was Not Able To Go To  Emergency Room And He Was Not Able To Go To The Emergency Room And He